JACOB S. AUSTIN v. VICKSBURG TRACTION (STREET RAILWAY) COMPANY.

[50 South. 632.]

1. STREET RAILWAY COMPANY. *Use of streets. Traveler's rights.*

Travelers on a street and a street railway company must each use the street with reasonable regard for the safety and convenience of the other.

2. SAME. *Operation of cars. Duty of motorman.*

A motorman must keep a reasonably careful lookout for persons lawfully using the street, and use reasonable precautions to prevent injuries to them, and the degree of care required varies according to time, place and circumstances.

3. SAME. *Same. Case.*

Facts examined and case adjudged one for the determination of a jury, and the peremptory instruction granted defendant should not have been given.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Austin, appellant, was plaintiff in the court below; the Vicksburg Traction Company, appellee, was defendant there. From a judgment predicated of a peremptory instruction, the plaintiff appealed to the supreme court. The opinion of the court states the facts.

*McLaurin, Armistead & Brien,* for appellant.

The court below erred in peremptorily instructing the jury to find in favor of the appellee. *Jackson Electric, etc., Co. v. Carnahan, ante,* p. 66, 48 South. 617.

There can be no trespassers upon street railway tracks, for the public have a right equal with the street car company to use streets and public roads, and the public may at all times cross the railway tracks. 2 Thompson on Negligence, § 1374, and

cases cited in note 2 thereunder.    See also *Dallas Rapid Transit Co. v. Elliot,* 7 Tex. Civ. App. 216; *Ellis v. Lynn, etc., R. Co.,* 160 Mass. 341; *Muncie Street R. Co. v. Maynard,* 32 N. E. 343.

The appellee is bound under the law to run its cars at such a rate of speed, as not to prevent the motorman from maintaining control of his car, so as to stop it within a reasonable distance, upon the appearance of danger to others and if he fails to do this, the company will be liable, for others have an equal right to use the streets and public highways.    *Jackson Electric, etc. R. Co. v. Carnahan, ante,* p. 66; 2 Thompson on Negligence, §§ 1359, 1420.

Where persons or domestic animals are so situated that they cannot get away from the danger of being injured by street cars or railroad trains, and employes run them down and injure them, the company will be liable for wilful negligence.    See *Railway Co v. Moore,* 81 Miss. 14; *Tyler v. Illinois, etc., R. Co.,* 61 Miss. 445; *Newman v. Vicksburg, etc., R. Co.,* 64 Miss. 115; *Mobile, etc., R. Co. v. Holt,* 62 Miss. 170.

As to the liability of the railway company for injuries resulting from the frightening of a horse by a moving street car, see *Metropolitan, etc., R. Co. v. Fawcett,* 92 Miss. 543; *Heidelburg v. Peoples' R. Co.,* 65 Atl. 587; *Lexington R. Co. v. Fain,* 80 S. W. 463.

In this case the jury and not the court, should have determined whether the motorman saw or could have seen the danger in which appellant was placed by reason of the frightening of his horse.    2 Thompson on Negligence, §§ 1374, 1420; *Ellis v. Lynch, etc., R. Co., supra.*

*Smith, Hirsh & Landau,* and *S. S. Hudson,* for appellee.

This is a case of pure accident, and no liability was thereby imposed upon the appellee.    If a motorman must stop his car because a horse three hundred feet away raises his head and backs away from the track and suddenly turns round in such a manner as to tilt the buggy to which he is attached, while the

car is coming along in its own track, the occupant of the buggy, if thrown out, cannot hold the street railway company liable therefor. *Stewart v. Galveston, etc., R. Co.,* 78 S. W. 979; *Citizens' Street R. Co. v. Lowe,* 39 N. E. 165; *Coughtry v. Williamette Street R. Co.,* 27 Pac. 1031.

This case is so similar in its facts to that of *Wright v. Vicksburg Ry. etc., Co.,* recently affirmed by this court without an opinion, and holding the railway company not to be liable because of injuries resulting from the frightening of a horse on the highway, that further citation of authorities is unnecessary to show that the court below was correct in granting the peremptory instruction in favor of the appellee.

It is not shown in evidence that the appellant's horse was uncontrollable, or that the motorman saw appellant's signal nor heard his voice; or that the horse ever ran any distance or did anything otherwise than merely to hold his head high, back the buggy slightly, make a sudden turn thereby tilting the buggy so that appellant fell against the side of the car. Furthermore, it is not shown that the motorman did not make proper efforts to stop the car. In *Terre Haute Electric Co. v. Yant* (Ind.) 51 N. E. 732, the court held that a street railway company is not liable for the failure of its motorman to stop a car running at its proper speed, on approaching a frightened horse in the highway, where it does not appear that the horse could not be controlled or where it is not shown that the motorman had reason to apprehend the occurrence of an accident. See also *Doster v. Charlotte Street R. Co.,* 23 S. E. 449.

Smith, J., delivered the opinion of the court.

Suit was instituted in the court below by appellant to recover from appellee, a street car company, damages for an injury alleged to have been sustained by him by reason of the negligent operation of appellee's road. In December, 1908, appellant was going to Vicksburg from his home, about sixteen miles in the country. As he arrived at the foot of the hill, called "Hall's

Hill" in the suburbs of Vicksburg, he reached a point on the public road of the country on which the appellee was operating a street car line and had a street car track.   At the foot of this hill there is a wire fence on each side, inclosing the street car track and public road.   The car tracks run east and west on the south side of the road down this hill, through a deep cut, and within the two wire fences mentioned.   The public road runs along parallel with the track up this hill.   This road is about eighteen feet wide, the distance from the foot of the hill to the top of the hill is about one hundred yards, and there is nothing to obstruct the vision from the foot to the top of the hill.   When the appellant, who was driving a horse hitched to a single buggy, reached the foot of this hill, and started up the hill in the public road, he saw a street car of appellee appear on the top of the hill, coming toward him.   The horse showed fright at the approaching car, and, being hemmed in by the two embankments and two wire fences on either side of the road, there was no way by which appellant could drive his horse away from the position he occupied near the street car track.   When the horse showed fright at the approaching car, appellant stood up in his buggy, and waved to the motorman, and said to him: "For heaven's sake, stop your car!"   Whether or not his request was heard by the motorman is not disclosed by the evidence.   The car continued to advance toward appellant, and as it continued to approach the horse turned, first to the right against the embankment, backed a short distance, and then turned suddenly to the left, which brought his feet across the track; but he escaped therefrom without being struck by the car   This action of the horse overturned the buggy and threw the appellant out against the car.   By striking the car he was knocked back underneath the buggy, and sustained the injury complained of.   At the close of appellant's testimony the court excluded the evidence, and peremptorily charged the jury to find for the appellee.   From a verdict accordingly, this judgment is taken.

Assuming that a street railway company is lawfully in the

occupation of a street, its and the public's right to the use thereof are equal, except in so far as this equality is modified by reason of the fact that the street car company is confined in its operations to a stationary track. Each must use the street with reasonable regard for the safety and convenience of the other. It was the duty of the motorman, while running his car, to keep a reasonably careful lookout for, and use reasonable precautions to prevent accident to, persons lawfully using the street; the degree of care required of him in this regard, varying according to the time, place, and circumstances. Whether the motorman has complied with this duty presents, as a general rule, a question of fact for the jury. In the case at bar it was for the jury to say whether the motorman, under all the circumstances, saw, or in the exercise of reasonable care ought to have seen, the danger in which appellant was placed by reason of the fright of his horse, and whether he (the motorman) then exercised such care as a reasonable and prudent man would have exercised under the circumstances to prevent the occurrence of the injury. The granting of the peremptory instruction, therefore, was error. *Ellis v. Lynn R. R. Co.,* 160 Mass. 341, 35 N. E. 1127; *Muncie St. Ry. Co. v. Maynard,* 5 Ind. App. 372, 32 N. E. 343; 2 Thompson on Negligence, § 1374 *et seq.,* and authorities there cited; also section 1420, and authorities there cited.

*Reversed and remanded.*